# Commonwealth ex rel. *v.* Verhovay Aid Association, Appellant.

*Beneficial societies—Removal of principal place of business—Improper removal—Mandamus.*

Where the officers of a beneficial society changed the principal place of the society's business to another county from that in which they were authorized by their charter to maintain it, without having complied with the requirements of the constitution and by-laws of the society, a mandamus was properly awarded to compel them to maintain the principal office in the town in which it was originally located until legally authorized to remove it.

Argued April 10, 1917. Appeal, No. 322, Jan. T., 1916, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1915, No. 114, granting mandamus in case of Commonwealth ex relatione McAdoo Branch, No. 11, Verhovay Aid Association v. Verhovay Aid Association. Before Brown, C. J., Mestrezat, Potter, Frazer and Walling, JJ.   Affirmed.

Petition for mandamus to compel defendants to maintain the principal place of business of a beneficial society, in the city in which it was directed to be maintained by the by-laws.

The facts appear from the following opinion by Fuller, J.:

The plaintiffs are members of the defendant, a secret fraternal and beneficial society, incorporated by this court under Act of April 6, 1893, P. L. 10, and complain that the principal office of the defendant has been unlawfully moved from the City of Hazleton, designated in the charter, to the City of Pittsburgh; wherefore they pray the court "to issue a writ of mandamus to the said Verhovay Aid Association and to the officers, defendants above named, commanding the defendants to locate the principal office of the said association in the said City of Hazleton, and to keep and maintain the same therein."

The case, after being put at issue by petition and answer, was by agreement submitted to the court without a jury under the Act of April 22, 1874, P. L. 109.

From the pleadings and evidence, we find the following

FACTS:

1. The Verhovay Aid Association, defendant corporation, of whom the individual defendants are the chief officers, as named in the caption, was incorporated by this court September 3, 1901, under the Act of April 6, 1893, P. L. 10, for the purpose of "the organization of a beneficial relief society or association which will pay the

members sick and funeral benefits from funds collected by assessment on the membership of the society, and for more fully carrying out this purpose it is the intention to create subordinate or branch societies, wherever it may be to their interest to do so."

In the charter it is provided, "that the place where its principal office is to be located is the City of Hazleton, County of Luzerne, State of Pennsylvania."

2. The plaintiff, McAdoo Branch No. 11, is a subordinate or branch society of the Verhovay Aid Association, and the individual plaintiffs are members thereof with standing to make this complaint.

3. By a proceeding in this court, filed June 10, 1913, to No. 134, October Term, 1913, it was sought to amend the charter by changing the location of the principal office from the City of Hazleton in this county to the City of Pittsburgh, but by decision of this court filed August 14, 1913, the application was refused on the ground that the proceedings had not been preceded by certain preliminary requirements of the constitution and by-laws of the association.

4. A second proceeding was subsequently filed to No. 2428, October Term, 1914, but was later withdrawn without submission to the court.

5. From the date of incorporation until the latter part of September, 1914, the principal office was kept and maintained in the City of Hazleton as designated in the charter, but in the latter part of September, 1914, it was removed for all practical intents and purposes in the transaction of the corporate business, to the City of Pittsburgh, where it has been since maintained and is now maintained, although as a matter of form, without substance, it continued to hold possession of a room which it designates an office, in the City of Hazleton.

No proof has been adduced that this removal was preceded by compliance with the requirements of the constitution and by-laws, which in the application to the court were held essential as already stated, supra 3.

No requests have been submitted on either side.

From the facts we state without hesitation or citation, in a matter which seems entirely free from doubt, the following conclusions of

## LAW:

1. The plaintiffs have standing to demand conformity with the provision of the charter relative to the location of the principal office and to insist that it shall remain at Hazleton until legally removed to some other place.

2. They are, therefore, entitled to have a peremptory mandamus as prayed, issuable on special motion, twenty days after signing of this judgment, subject to further hearing and argument on exceptions, if any be filed.

The lower court granted the writ of mandamus as prayed for. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*John R. Sharpless,* with him *John H. Bigelow* and *Harry Doerr,* for appellant.

*John J. Kelley,* with him *M. A. Kilker,* for appellees.

PER CURIAM, May 7, 1917:

This judgment is affirmed on the facts found and the legal conclusions reached by the learned court below.